UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ROBERT LIPKER, | : Case No. 3:20-cv-63 |
| Plaintiff, | : Magistrate Judge Peter B. Silvain, Jr. |
| | : (by full consent of the parties) |
| vs. | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**DECISION AND ENTRY**

Plaintiff Robert Lipker brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. This case is before the Court upon Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #14), Plaintiff's Reply (Doc. #15), and the administrative record (Doc. #7).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on June 9, 2016, alleging disability due to several impairments, including a lumbar strain; curvature of the spine; degenerative disc disease; two back surgeries; one cervical surgery; knee surgery; ankle surgery; numbness of his bilateral legs, left leg worse; numbness in cervical spine, hands, and buttock; bilateral feet and toe spurs, greater toes joint on joint. (Doc. #7, *PageID* #498). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] He reached the following main conclusions:

Step 1:   Plaintiff engaged in substantial gainful activity after the alleged disability onset date of May 23, 2016.[2]

Step 2:   Plaintiff has the following severe impairments: spinal disorder with degenerative abnormalities affecting the cervical and lumbar spine; degenerative joint disease affecting multiple joints (especially the shoulders, knees, feet, and elbows); obesity; and depressive disorder.

Step 3:   Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:   His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … subject to following additional limitations: (1) no lifting and/or carrying of more than 20 pounds occasionally and ten pounds frequently; (2) no standing and/or walking of more than four hours during any given eight-hour workday; (3) no sitting of more than six hours during any given eight-hour workday; (4) allowance

---

[1] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

[2] Social Security earnings records show earnings of $6,846 during the second calendar quarter of 2016; $7,421 during the third calendar quarter of 2017; $8,053 during the fourth calendar quarter of 2017; and $6,577 during the first calendar quarter of 2018. It appears that Plaintiff did not perform "substantial gainful activity" during the period of time from June 2016 through June 2017 and commencing again in March 2018. (Doc. #7, *PageID* #s 52-53).

>for the opportunity to alternate between sitting and standing every 30 minutes while remaining at the workstation; (5) no more than occasional operation of foot controls with the right lower extremity; (6) no overhead reaching with either upper extremity; (7) no more than occasional reaching in all other directions bilaterally; (8) no more than frequent handling, fingering, or feeling bilaterally; (9) no climbing of ladders, ropes, or scaffolds; (10) no more than occasional climbing of ramps or stairs; (11) no more than occasional stooping, kneeling, crouching, or crawling; (12) avoidance of all exposure to unprotected heights and dangerous machinery; (13) no more than frequent interaction with supervisors, co-workers, or the general public."
>
>Plaintiff is unable to perform his past relevant work as a combination welder.

Step 5: There are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. # 7, *PageID* #s 52-66). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since May 23, 2016, the alleged onset date. *Id.* at 67.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7, *PageID* #s 53-55, 59-62), Plaintiff's Statement of Errors (Doc. #10), and the Commissioner's Memorandum in Opposition (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing

3

*Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.  Discussion

Plaintiff contends that the ALJ reversibly erred in evaluating the medical source opinions. (Doc. #10). The Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. # 14).

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers*, 486 F.3d at 242 (citations omitted). The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques;" and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.[3]

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id.* Substantial evidence must support the reasons provided by the ALJ. *Id.*

In this case, Plaintiff's primary care physician, Jonathan Hutcheson, D.O., completed a medical assessment in September 2018. (Doc. #7, *PageID* #s 2708-12). He opined Plaintiff can lift and/or carry five pounds occasionally. *Id.* at 2709. He can stand/walk for thirty minutes without interruption for a total of two hours in an eight-hour workday. *Id.* Additionally, he can sit for thirty minutes without interruption for a total of one hour in an eight-hour workday. *Id.* He

---

[3] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to his claims.

cannot climb, balance, stoop, crouch, kneel, crawl, or push/pull. *Id.* at 2710. He should avoid heights and should not be exposed to vibration. *Id.* at 2711. Dr. Hutcheson concluded that Plaintiff is unable to perform light work or sedentary work on a sustained basis. *Id.* at 2711-12.

The ALJ assigned "partial weight" to Dr. Hutcheson's opinion. *Id.* at 61. He found that "the extent of functional limitation described by Dr. Hutcheson is not entirely unjustified and cannot be completely discounted," but it "does seem to be somewhat excessive and likely based on [Plaintiff's] subjective pain complaints and allegations." *Id.* at 61. The ALJ explained that Dr. Hutcheson's treatment records in September 2018 indicate that Plaintiff was well-developed, well-nourished, and in no distress. *Id.* Plaintiff "reported a lack of energy and dizziness but nothing that would account for the degree of restriction suggested by Dr. Hutcheson." *Id.* Further, the ALJ emphasized that Dr. Hutcheson noted that "the claimant stated that he was unable to perform any job at this point due to his back pain, leg pain and weakness and that the claimant reported difficulty walking due to pain and unsteady gait." *Id.* (citation omitted). However, upon examination, he indicated that Plaintiff "exhibited normal range of motion, normal muscle tone, and motor strength of either 4/5 or 5/5/ bilaterally." *Id.* (citation omitted). Based on these treatment notes, as well as a few others, the ALJ concluded that Dr. Hutcheson's opinion should be viewed with some skepticism. *Id.* The ALJ further noted that Plaintiff testified that he can mow the lawn using a self-propelled push mower and do other household chores; he can lift more than five pounds; and he can stand for one hour at a time. *Id.* at 61.

Although the ALJ set forth the treating physician rule earlier in his decision, he failed to mention the concept of "controlling weight" when analyzing Dr. Hutcheson's opinions and failed to address the two factors of the treating physician rule. *Id.* at 60-61; *Gayheart*, 710 F.3d at 377

(finding error where the ALJ's "analysis does not explain to which aspect of the controlling-weight test [a] critique is relevant"). This failure constitutes reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *see also Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted*, No. 3:18-CV-008, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.,* No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

Furthermore, substantial evidence does not support the ALJ's reasons for discounting Dr. Hutcheson's opinions. Specifically, the ALJ's conclusion that Dr. Hutcheson's opinions were "likely based on [Plaintiff's] subjective pain complaints and allegations" is not supported by substantial evidence. The ALJ overlooked or ignored that Dr. Hutcheson provided thorough explanations—including objective findings—for his opinions. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."). For example, when asked what medical findings support his conclusion that Plaintiff's ability to lift and/or carry are affected by his impairments, Dr. Hutcheson explained that an MRI revealed that Plaintiff has severe foraminal stenosis at L5-S1 on the left side, status post fusion. (Doc. #7, *PageID* #2708). Further, Plaintiff has limited range of motion of his spine. *Id.* Finally, his severe back and left leg pain is exacerbated by flexion and extension. *Id.* Dr. Hutcheson similarly explained that Plaintiff's ability to stand/walk is limited because he has

decreased strength and sensation in his left leg due to neuropathy. *Id.* at 2709. Additionally, Plaintiff's ability to sit is limited because he has worsening back pain and leg numbness while sitting. *Id.* Dr. Hutcheson noted that Plaintiff should avoid heights because of his poor balance and unsteady gait and should not be exposed to vibration because it would exacerbate his back pain. *Id.* at 2710.

Additionally, substantial evidence does not support the ALJ's conclusion that Plaintiff's testimony is inconsistent with Dr. Hutcheson's opinions because the ALJ took Plaintiff's statements out of context. For instance, the ALJ noted, "Plaintiff testified that he is able to mow the lawn using a self-propelled push mower" and "does other household chores as well." *Id.* at 61. In fact, Plaintiff testified that he "*tried* to use a self-propelled … push mower." *Id.* at 254 (emphasis added). But he can only do it "a little bit." *Id.* Further, he testified that he tries "to do stuff around the house" but only does so for twenty minutes at a time. *Id.* at 253. He does not cook or shop. *Id.* at 254. Similarly, the ALJ noted that Plaintiff testified that he could lift more than five pounds and can stand for an hour a time. *Id.* at 61. Plaintiff testified that he thought he could lift ten pounds but could not remember. *Id.* at 255-56. However, he also mentioned that his doctor told him not to lift more than five pounds. *Id.* at 256. Further, he explained that he has difficulty if he has to bend over and that he has to be careful when lifting so that his shoulder does not "pop out." *Id.* He sometimes has difficulty with gripping because of arthritis and because he cut one finger off and it had to be sewn back on. *Id.* Further, when asked how long he could stand, Plaintiff responded, "Pushing at about an hour." *Id.* at 255.

Indeed, Plaintiff's testimony is largely consistent with Dr. Hutcheson's opinions. For instance, Plaintiff testified although he has had back surgeries, he "can't even get out of bed hardly." *Id.* at 248. He estimated that he spends seventy-five percent of his day laying on his side with his left knee elevated. *Id.* at 260. His knees are "shot." *Id.* at 248. His elbows "feel like they're going to explode." *Id.* And he has arthritis in both hands and both elbows. *Id.* His pain is sharp and stabbing, and it radiates. *Id.* at 248-49. Laying on his side helps his pain. *Id.* at 249. Additional surgeries may also help his pain. *Id.* His pain is worse when he is sitting, driving, or even trying to drive. *Id.* He testified that he can only sit for thirty minutes. *Id.* at 255. He has not been able to feel his leg for two years. *Id.* at 249.

Moreover, the ALJ erred in selectively focusing on the "normal" (*i.e.,* non-disabling) aspects of Plaintiff's treatment notes to the exclusion of evidence supportive of Dr. Hutcheson's opinion. *See Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 709, 714-15 (S.D. Ohio 2019) (citing *Hawthorne v. Comm'r of Soc. Sec.,* No. 3:13-cv-179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000) ) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"); *cf. Carter v. Comm'r of Soc. Sec.,* 137 F.Supp.3d 998, 1007 (S.D. Ohio 2015) (finding error where the ALJ referenced only normal findings while either ignoring or minimizing abnormal findings). For example, Dr. Hutcheson's own treatment notes from June 2018 include x-rays of Plaintiff's right elbow showing moderate to severe degenerative changes. (Doc. #7, *PageID* #2739). Similarly, x-rays of Plaintiff's left elbow showed moderate degenerative changes. *Id.* at 2741.

9

In sum, the ALJ failed to provide "good reasons" for discounting Dr. Hutcheson's opinion. *See Rogers*, 486 F.3d at 242 (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4) ("the ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"). "Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers.*, 486 F.3d at 243 (citation omitted).

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[4]

**B.   Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991).  Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits.  *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994).  The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking.  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking.  However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above.  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. The Commissioner's non-disability finding is vacated;

11

2. No finding is made as to whether Plaintiff, Robert Lipker was, under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the Court's docket.

December 8, 2021                                          *s/Peter B. Silvain, Jr.*
                                                          Peter B. Silvain, Jr.
                                                          United States Magistrate Judge